UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
PLATTSBURGH DIVISION

| | | |
|---|---|---|
| JAY CLOOKEY, | ) | Case No.  8:14-CV-1318 (GLS/RFT) |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **CLASS ACTION** |
| | ) | **COMPLAINT** |
| CITIBANK, N.A. | ) | |
| | ) | **Jury Trial Demanded** |
| Defendant. | ) | |
| _____ | ) | |

## NATURE OF ACTION

1. Plaintiff Jay Clookey ("Plaintiff") brings this class action against Defendant Citibank, N.A. ("Citibank") under the federal Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq*.

## JURISDICTION AND VENUE

2. This Court has jurisdiction under 28 U.S.C. § 1331 and 15 U.S.C. § 1681p.

3. Venue is proper before this Court pursuant to 28 U.S.C. §1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this district, (where Plaintiff resides in this district), and/or where Citibank resides and transacts business in this district.

## PARTIES

4. Plaintiff is a natural person who at all relevant times resided in the State of New York, County of Franklin, and City of Brushton.

5. Plaintiff is a consumer under the FCRA.

6. Citibank is a for-profit entity with headquarters in the State of New York.

## THE FAIR CREDIT REPORTING ACT

7. The FCRA was enacted by Congress to ensure fair and accurate credit reporting, promote efficiency in the banking system, and to protect consumer privacy. *See Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 52 (2007).

8. To further purpose of protecting consumer privacy, the FCRA requires that consumer reporting agencies ("CRA") may only furnish a consumer report to a prospective user who has a "permissible purpose" to use the report. *See* 15 U.S.C. § 1681b(a)-(b).

9. Likewise, the FCRA makes it unlawful for any person to use or obtain a consumer report without a permissible purpose. 15 U.S.C. § 1681b(f).

10. Even if a person has a permissible purpose, he may not obtain a consumer report under false pretenses. *See Northrop v. Hoffman of Simsbury, Inc.*, 134 F.3d 41, 45 (2d Cir. 1997) ("15 U.S.C. § 1681n expressly recognizes a civil cause of action against a party for 'obtaining a consumer report under false pretenses or knowingly without a permissible purpose.' ").

11. Obtaining a consumer report is colloquially known as "pulling" a consumer's credit report.

12. In contrast to a "soft" pull of an individual's consumer report, which does not affect the consumer's credit score, "a 'hard pull' involves accessing a

credit report for the purpose of issuing new credit or increasing the amount of existing credit. These inquiries can be seen by potential creditors and can impact a consumer's credit score." *Banga v. First USA, NA*, C 10-0975 SBA, 2014 WL 1158872, fn. 2 (N.D. Cal. 2014) *reconsideration denied*, C 10-0975 SBA, 2014 WL 3533423 (N.D. Cal. 2014).

13. Thus, limiting access to consumer reports and prohibiting any person from obtaining a consumer report under false pretenses not only promotes consumer privacy, but it also promotes congressional intent of promoting a fair credit reporting system, as it gives consumers a greater ability to manage their credit scores.

14. A claimant may bring a cause of action under the FCRA on behalf of a class of similarly situated individuals under Rule 23. *See Massey v. On-Site Manager, Inc.*, 285 F.R.D. 239, 245 (E.D.N.Y. 2012) (granting motion to certify an FCRA class).

**FACTUAL ALLEGATIONS**

15. Plaintiff is a holder of a "Citi Simplicity" credit card, with the account number ending in 4861 (hereinafter, "the Account").

16. On September 19, 2014, Citibank sent Plaintiff an email with the subject line, "You're eligible to Apply for a Credit Limit Increase" (hereinafter "the Email"). *See* Exhibit "A."

17. Plaintiff opened the Email, which contained a message reading, in relevant part:

> Good news! More purchasing power could soon be yours.
>
> Dear Jay Clookey,
>
> We are always working to make sure your Citi Simplicity® Card is keeping pace with your needs. We are happy to let you know that you may be eligible for a credit limit increase.
>
> With an increased credit limit, use your card for more purchases and continue to earn Citi Easy Deals points, which can help you save online for thousands of items. Visit citieasydeals.com to learn more.
>
> Request your increase – it's easy. Simply visit creditlimitincrease.citi.com or call 1-888-830-5527 by 11/09/2014 and have your card ready. <u>A credit bureau inquiry is not required – simply provide us your income and housing payment, and you'll know immediately if your increase is approved!</u>
>
> Thank you for being a Citi Simplicity cardmember. As always, should you have any questions, please call the number on the back of your card and we will be happy to help.

*Id.* (underline in original).

18. Plaintiff clicked the link in the Email, which took him to a Citibank website, where he submitted a request for a credit limit increase for the Account ("the Request").

19. On September 20, 2014, and in connection with the Request, Citibank obtained a consumer report from Equifax Information Services, LLC ("Equifax") for Plaintiff. *See* Exhibit "B" (showing an alert regarding an account inquiry).

20. By stating in the Email, "A credit bureau inquiry is not required – simply provide us your income and housing payment, and you'll know immediately if your increase is approved!" and then obtaining Plaintiff's consumer

report from a consumer reporting agency ("CRA") after Plaintiff clicked on the Email and made the Request, Citibank obtained Plaintiff's consumer report under false pretenses or knowingly without a permissible purpose.

21. Upon information and belief, Citibank violated Plaintiff's fair credit reporting rights willfully or in reckless disregard of Plaintiff's federal rights.

22. Upon information and belief, Citibank sent the Email, or substantially similar emails, to a large number of people who also initiated requests for a credit limit increase by clicking on a link within such emails, and about whom Citibank obtained consumer reports from a CRA, such as Equifax, based on such requests.

## CLASS ALLEGATIONS

23. Plaintiff repeats and re-alleges all previous paragraphs.

24. Plaintiff brings this action on behalf of himself and others similarly situated. Specifically, Plaintiff seeks to represent a class of individuals defined as:

> All individuals in the United States who received the Email, or an email from Citibank that was substantially similar to the Email, and for whom Citibank obtained a consumer report in connection with a credit limit increase request initiated by clicking on the hyperlink in such email.

25. The proposed class specifically excludes the United States of America, the State of New York, counsel for the parties, the presiding United States District Court Judge, the Judges of the United States Court of Appeals for the Second Circuit, and the Justices of the United States Supreme Court, all

officers and agents of Defendant, and all persons related to within the third degree of consanguinity or affection to any of the foregoing persons.

26. The class is averred to be so numerous that joinder of members is impracticable.

27. The exact number of class members is unknown to Plaintiff at this time and can be ascertained only through appropriate discovery.

28. The class is ascertainable in that the names and addresses of all class members can be identified in business records maintained by Citibank.

29. There exists a well-defined community of interest in the questions of law and fact involved that affect the parties to be represented. These common questions of law and fact predominate over questions that may affect individual class members. Such issues include, but are not limited to: (a) the existence of Citibank's identical conduct particular to the matters at issue; (b) Citibank's violations of the FCRA; (c) the availability of statutory penalties; (d) the availability of punitive damages; and (e) attorney's fees and costs.

30. The claims of Plaintiff are typical of those of the class he seeks to represent.

31. The claims of Plaintiff and of the class originate from the same conduct, practice, and procedure on the part of Citibank. Thus, if brought and prosecuted individually, the claims of each class member would require proof of the same material and substantive facts.

32. Plaintiff possesses the same interests and has suffered the same injuries as each class member. Plaintiff asserts identical claims and seeks identical relief on behalf of the unnamed class members.

33. Plaintiff will fairly and adequately protect the interests of the class and has no interest adverse to or which directly and irrevocably conflicts with the interests of other members of the class.

34. Plaintiff is willing and prepared to serve this Court and proposed class.

35. The interests of Plaintiff are co-extensive with and not antagonistic to those of the absent class members.

36. Plaintiff has retained the services of counsel who are experienced in consumer protection claims, as well as complex class action litigation, will adequately prosecute this action, and will assert, protect and otherwise represent Plaintiff and all absent class members.

37. Class certification is appropriate under Fed. R. Civ. P. 23(b)(1)(A) and 23(b)(1)(B). The prosecution of separate actions by individual members of the class would, as a practical matter, be dispositive of the interests of other members of the class who are not parties to the action or could substantially impair or impede their ability to protect their interests.

38. The prosecution of separate actions by individual members of the class would create a risk of inconsistent or varying adjudications with respect to individual members of the class, which would establish incompatible standards

of conduct for the parties opposing the class. Such incompatible standards of conduct and varying adjudications, on what would necessarily be the same essential facts, proof and legal theories, would also create and allow the existence of inconsistent and incompatible rights within the class.

39. Class certification is appropriate under Fed. R. Civ. P. 23(b)(2) in that Citibank has acted or refused to act on grounds generally applicable to the class, making final declaratory or injunctive relief appropriate.

40. Class certification is appropriate under Fed. R. Civ. P. 23(b)(3) in that the questions of law and fact that are common to members of the class predominate over any questions affecting only individual members.

41. Moreover, a class action is superior to other methods for the fair and efficient adjudication of the controversies raised in this Complaint in that: (a) individual claims by the class members will be impracticable as the costs of pursuit would far exceed what any one plaintiff or class member has at stake; (b) as a result, very little litigation has been commenced over the controversies alleged in this Complaint and individual members are unlikely to have an interest in prosecuting and controlling separate individual actions; and (c) the concentration of litigation of these claims in one forum will achieve efficiency and promote judicial economy.

## COUNT I
## VIOLATION OF 15 U.S.C. § 1681b(f)

42. Plaintiff repeats and re-alleges each and every allegation above.

43.     Citibank violated 15 U.S.C. § 1681b(f) when it used or obtained Plaintiff's consumer report without a permissible purpose.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Citibank violated 15 U.S.C. § 1681b(f) with respect to Plaintiff and all others similarly situated;

b) Adjudging that Citibank violated 15 U.S.C. § 1681b(f) willfully;

c) Awarding Plaintiff, and all others similarly situated, statutory damages in the amount of $1,000 under 15 U.S.C. § 1681n(a)(1)(B);

d) Awarding Plaintiff, and all others similarly situated, punitive damages under 15 U.S.C. § 1681n(a)(2);

e) Awarding Plaintiff, and all others similarly situated, reasonable attorneys' fees and costs incurred in this action under 15 U.S.C. § 1681n(a)(3) and Rule 23; and

f) Awarding Plaintiff, and all others similarly situated, such other and further relief as the Court deems proper.

## COUNT II
## VIOLATION OF 15 U.S.C. § 1681n(a)(1)(B)

44.     Plaintiff repeats and re-alleges each and every allegation above.

45.     In the alternative, Citibank violated 15 U.S.C. § 1681n(a)(1)(B) when it used or obtained Plaintiff's consumer report under false pretenses or knowingly without a permissible purpose.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Citibank violated 15 U.S.C. § 1681 n(a)(1)(B) with respect to Plaintiff and all others similarly situated;

b) Awarding Plaintiff, and all others similarly situated, statutory damages in the amount of $1,000;

c) Awarding Plaintiff, and all others similarly situated, punitive damages under 15 U.S.C. § 1681n(a)(2);

d) Awarding Plaintiff, and all others similarly situated, reasonable attorneys' fees and costs incurred in this action under 15 U.S.C. § 1681n(a)(3) and Rule 23; and

e) Awarding Plaintiff, and all others similarly situated, such other and further relief as the Court deems proper.

## TRIAL BY JURY

46.     Plaintiff is entitled to and hereby demands a trial by jury.

Dated: October 28, 2014

Respectfully submitted,

/s/ Russell S. Thompson, IV
Russell S. Thompson, IV
Thompson Consumer Law Group, PLLC
5235 E. Southern Ave., D106-618
Mesa, AZ 85206
602-388-8898
866-317-2674 facsimile
rthompson@consumerlawinfo.com
Attorneys for Plaintiff