UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
PLATTSBURGH DIVISION

| | | |
|---|---|---|
| JAY CLOOKEY, | ) | Case No. 8:14-cv-1318-GLS-RFT |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| CITIBANK, N.A. | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

**PLAINTIFF'S MEMORANDUM IN SUPPORT OF HIS MOTION
FOR RECONISDERATION OF ORDER GRANTING DEFENDANT'S
MOTION TO STAY CASE AND COMPEL ARBITRATION**

Plaintiff Jay Clookey ("Mr. Clookey") has moved for reconsideration of the order granting Defendant Citibank, N.A.'s ("Citibank") motion to compel arbitration. In support thereof, Plaintiff submits the following memorandum and of points and authorities.

/s/ Russell S. Thompson, IV
Russell S. Thompson, IV
Thompson Consumer Law Group, PLLC
5235 E. Southern Ave., D106-618
Mesa, AZ 85206
602-388-8898
866-317-2674 facsimile
rthompson@consumerlawinfo.com

*Attorney for Plaintiff Jay Clookey*

## TABLE OF CONTENTS

I. Introduction………………………………………………………………………...3

II. Relevant Background……………………………………………………………….3

II. Legal Standard……………………………………………………………………..4

III. Argument…………………………………………………………………………..5

    A. Whether the Card Agreement is found to be the original or attempt to modify an existing agreement *is legally significan*t because there is a different threshold for finding that Mr. Clookey assented to a modification of an existing agreement…………………………………………………………….**5**

    B. The Court erred by relying on *the substance* of the Card Agreement with respect to manner of acceptance, because Mr. Clookey had no reason to believe the envelope containing his Simplicity Card contained an offer to modify the parties' prior agreement…………………………………….. **7**

        1. The Terms and Conditions cannot be modified by a subsequent agreement without drawing sufficient notice to the change of terms ………………………………………………………………………… **8**

        2. Because the Card Agreement *can only* represent a modification to the Terms and Conditions, there is insufficient evidence that Mr. Clookey assented to the arbitration clause therein…………………………....**9**

IV. Conclusion…………………………………………………………………..**11**

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. Introduction

The Court erred by relying on the *substance* of the Card Agreement in finding that there was no legal significance whether the Card Agreement was treated as the parties' original agreement or an attempt to modify an existing agreement. Mr. Clookey's declaration was *not* submitted to establish that he *did not* receive the Card Agreement. Whether he received the Card Agreement is irrelevant. What matters is whether Citibank's mailing was sufficient to put Mr. Clookey on constructive notice that his use of the Simplicity Card could result in his being compelled to binding arbitration. It was not.

His declaration is uncontroverted evidence that he was not put on *actual notice* that Citibank, through its inclusion of the Card Agreement, was proposing a modification to their existing agreement. Like virtually every consumer-citizen being deprived of the right to seek redress from the judicial branch, Mr. Clookey has absolutely no recollection whether he was mailed a contract of adhesion containing an arbitration clause buried within pages of eye-straining fine print. Courts have long ago done away with the concept of a meeting-of-the-minds when it comes compelling consumers to arbitration clauses. But as the *Stone* court explained, under this scenario, there is not even an objective theory of contract formation that may be supported.

## II. Relevant Background

Mr. Clookey applied for a Simplicity Card through Citibank's website. *See* Doc. 21. *See also* Doc. 21-2. Citibank's website spells out numerous terms regarding the benefits of one card over another, and by agreeing to the Terms and Conditions and submitting an

application, Mr. Clookey accepted Citibank's card offer (contingent upon approval of credit). Doc. 21 at 9-10. In response to Citibank's motion to compel arbitration, Mr. Clookey argued that the parties' agreement could not be modified unless Mr. Clookey knowingly assented to the changes. He argued that his knowing assent *could* be demonstrated by his use of the Simplicity Card, but only if Citibank give sufficient notice of the change. *Id.* at 12-15.

On December 9, 2015, the Court granted Citibank's motion and ordered that the action is stayed pending arbitration. Doc. 25. The Court held that "Clookey used his Citi Simplicity Visa credit card since October 2013, demonstrating that he accepted Citibank's Card Agreement." *Id.* at 9. Responding to Mr. Clookey's argument, the Court stated, in relevant part:

> Whether the Card Agreement is treated as the original agreement or a modification of the website's terms and conditions is legally insignificant. Clookey received the Card Agreement which explicitly stated that it was the contract governing his account with Citibank, and the contract applied if Clookey used or continued to use the card.

*Id.* at 10-11 (internal citations omitted and emphasis added).

### III. Legal Standard

A motion for reconsideration is made pursuant to Local Rule 7.1(g), and is generally thought of as an "extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." *Stewart Park & Reserve Coalition Inc. v. Slater,* 374 F.Supp.2d 243, 253 (N.D.N.Y. 2005) (quoting *USA Certified Merchants, LLC v. Koebel,* 273 F. Supp. 2d 501, 503 (S.D.N.Y. 2003)). However, a motion for reconsideration is appropriate where there is a showing of "(1) an intervening change in

4

controlling law, (2) the availability of new evidence not previously available, or (3) the need to correct a clear error of law or prevent manifest injustice." *Smith v. Prack,* No. 9:12-CV-1474 (GTS/DEP), 2015 U.S. Dist. LEXIS 122837, at *26 (N.D.N.Y. Jul. 29, 2015); *see also Kaufman v. Columbia Mem. Hosp.*, No. 1:11-CV-667 (MAD/CFH), 2014 WL 2776662, at *3 (N.D.N.Y. Jun. 19, 2014) ("A motion for reconsideration 'will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court.'" (quoting *Shrader v. CSX Transp.,* 70 F.3d 255, 257 (2d Cir. 1995))). Error can occur where "the court has patently misunderstood a party . . . or has made an error not of reasoning but of apprehension." *Aquilio v. Police Benevolent Ass'n of the N.Y. State Troopers*, No. 91-CV-325, 1994 WL 494639, at *2 (N.D.N.Y. Aug. 15, 1994) (quoting *Johnson v. City of Richmond,* 102 F.R.D. 623, 623-24 (E.D.Va. 1984)).

IV. **Argument**

    A. **Whether the Card Agreement is found to be the original or attempt to modify an existing agreement** *is legally significan*t **because there is a different threshold for finding that Mr. Clookey assented to a modification of an existing agreement.**

Whether the Card Agreement is the original agreement or a modification to the original agreement *is legally significant*. Mr. Clookey does not dispute that if the Card Agreement had simply been mailed to him in an unsolicited manner, or prior to a contractual relationship existing between the parties, then his use of the card would have manifested an assent to the conditions set forth in the Card Agreement. But Mr. Clookey

5

did not simply receive a credit card out of the clear blue sky.[1] He went online and chose the Simplicity Card based on the Terms and Conditions set forth online relating to that card. As of that moment, the parties had entered into agreement.

To demonstrate, then, that Mr. Clookey assented to a modification of their agreement, Citibank must show that *that Mr. Clookey understood* that it was a proposal to change the agreement. *See Hirsch v. Citibank, N.A.,* 542 F. App'x 35, 37 (2d Cir. 2013) ("While 'it is true that a party cannot avoid the terms of a contract on the ground that he or she failed to read it before signing, an exception to this general rule exists when the writing does not appear to be a contract and the terms are not called to the attention of the recipient. In such a case no contract is formed with respect to the undisclosed term[s].' ") (quoting *Specht v. Netscape Communications Corp.,* 306 F.3d 17, 30 (2d Cir. 2002)).

Notice is insufficient when it does not draw the recipient's attention that the new agreement is changing the terms of the original agreement. *See Douglas v. U.S. Dist. Court for Cent. Dist. of California,* 495 F.3d 1062 (9th Cir. 2007) (holding that a customer's continued use of services is not assent to the amended terms because he was not given sufficient notice of the changes). Accordingly, whether the Card Agreement is an original or modification to the original agreement is legally significant.

---

[1] If Mr. Clookey had received a credit card and card agreement in the mail without expecting it (i.e., no existing contract could possibly exist), then it is perfectly reasonable to conclude that he understood he was being made an offer, and that using the card would be his assent to whatever terms were included. New York common law recognizes this, and South Dakota has even codified it. *See* Doc. 25 at 8.

### B. The Court erred by relying on *the substance* of the Card Agreement with respect to manner of acceptance, because Mr. Clookey had no reason to believe the envelope containing his Simplicity Card contained an offer to modify the parties' prior agreement.

That "[t]he Card Agreement explicitly stated that it was the contract that governed the account and would apply after the consumer used the account or did not cancel the account within thirty days," Doc. 25 at 9, *is irrelevant* if the recipient had no reason to believe it was an offer to replace the parties' prior agreement.

As opposed to determining whether Mr. Clookey had sufficient notice that the Card Agreement was *changing* his material rights, the Court relied on the substance contained within the Card Agreement to find that Mr. Clookey had accepted the new terms of the Card Agreement. "[A]pplying the 'duty to read' principle to terms delivered after a contracting relationship has been initiated do[es] not nullify the requirement that a consumer be on notice of the existence of a term before he or she can be legally held to have assented to it." *Schnabel v. Trilegiant Corp.,* 697 F.3d 110, 124, (2d Cir. 2012). "Mutual assent refers to a meeting of the minds on a specific subject and does not exist unless the parties all agree upon the same thing in the same sense." *Id.* (quoting *Melstad*, 2006 S.D. 92, ¶ 21, 723 N.W.2d 699 (internal quotation marks omitted)). If a party believes an existing agreement already exists, then simply using the card does not serve as a basis for finding assent to modified terms unless the letter Citibank sent gave proper notice that the consumer was being mailed a new agreement with materially different terms.

The Court reasoned that the Card Agreement governed the parties' relationship because the Card Agreement stated that it was the governing agreement. *See* Doc. 25 at 9

("The Card Agreement explicitly stated that it was the contract that governed the account and would apply after the consumer used the account or did not cancel the account within thirty days."). This circular reasoning assumes that Mr. Clookey was put on notice to read the Card Agreement so that he could have assented to the new terms. Consequently, the Court incorrectly relied on the Card Agreement's substance to provide notice to Mr. Clookey that his material rights were changing.

> **1. The Terms and Conditions cannot be modified by a subsequent agreement without drawing sufficient notice to the change of terms.**

At the time Citibank mailed the Card Agreement, the parties had already entered a valid agreement (i.e. the Terms and Conditions). Consequently, The Terms and Conditions cannot be modified without sufficient notice. Both New York and South Dakota law follow that modifications to a previously existing, valid contract cannot be affected without mutual assent. *See Beaver Employment Agency v. Noestring, Inc.,* 160 Misc. 2d 454, 455 (N.Y. Civ. Ct. 1993) ("A contract cannot be modified or altered without the consent of all the parties thereto. Where there is an absence of mutual assent to a proposed modification the original terms of the contract remain in effect." (internal citations omitted)). *See also New York State v. UPS,* 198 F. Supp. 2d 188 (N.D.N.Y. 2002); *Ahlers Bldg. Supply v. Larsen,* 535 N.W.2d 431 (S.D. 1995); *Dakota Foundry Inc. v. Tromley Indus. Holdings,* 737 F.3d 492 (8th Cir. 2013). Accordingly, when there is an original agreement, subsequent agreements cannot unilaterally modify the original agreement without sufficient notice as to the change of terms. Therefore, the Terms and Conditions cannot be modified by the Card Agreement without drawing sufficient notice to the change in terms.

### 2. Because the Card Agreement *can only* represent a modification to the Terms and Conditions, there is insufficient evidence that Mr. Clookey assented to the arbitration clause therein.

The Card Agreement can only represent a modification to the Terms and Conditions, since Mr. Clookey had already agreed to the Terms and Conditions. The Terms and Conditions meets all of the prerequisite conditions for a binding agreement: offer (condition upon credit approval), consideration, mutual assent, and acceptance. The Court reasoned that Mr. Clookey assented to the arbitration clause within the Card Agreement through his use of his Simplicity Card; however, such use cannot manifest his acceptance where the parties already had a contractual relationship, unless Citibank provided sufficient notice that it was making Mr. Clookey an offer to modify their agreement.

The relevant case law where the use of the credit card constituted a manifestation of assent to its corresponding agreement all involved disputes where there was no original agreement executed prior to the sending of the card and enclosed agreement, *or* the subsequent modifications had sufficient notice as to the changes to the original agreement. *See Fedotov v. Peter T. Roach and Associates, P.C.* No. 03 Civ. 8823(CSH), 2006 WL 692002 (S.D.N.Y. Mar. 16, 2006), *distinguished by Lucy v. Bay Area Credit SVC LLC*, 792 F.Supp.2d 320 (D. Conn. 2011) (court upheld arbitration provision where there was no prior agreement, the agreement was enclosed with the credit card, and the plaintiff subsequently used the card). *Compare* Doc. 11-2*, with Cayanan v. Citi Holdings, Inc.*, 928 F.Supp.2d 1182, 1186-91 (S.D. Cal. 2013), *distinguished by Ubaldi v. SLM Corp.*, No. C 11-01320-EDL, 2013 WL 4015776 (N.D. Cal. Aug. 5, 2013) (plaintiffs either signed an agreement with an arbitration provision contained within or were provided notice of change

with an enclosed agreement), *and Ackerberg v. Citicorp USA, Inc.*, 898 F.Supp.2d 1172, 1174 (N.D. Cal. 2012) (Citibank sent plaintiff three notices of the new arbitration provision), *and Daughtery v. Experian Information Solutions, Inc.*, 847 F.Supp.2d 1189, 1191 (N.D. Cal. 2012) (Citibank provided the plaintiff with a change-in-terms notice of new arbitration provision with the provision enclosed).

Here, unlike the aforementioned cases, Mr. Clookey had already executed an agreement (the Terms and Conditions) prior to being sent the Card Agreement and was provided *no additional notice whatsoever* that the Card Agreement was changing their agreement. The Welcome Letter did not contain the type of information other courts have found sufficient to put the recipient of a new card agreement on constructive notice. *Compare* Doc. 11-2, *with Coppock v. Citigroup, Inc.*, No. C11-1984-JCC, 2013 WL 1192632, at *1 (W.D. Wa. Mar. 22, 2013) (Citibank mailed the plaintiffs a notice stating "Notice of Change in Terms Regarding Binding Arbitration to Your Citibank Card Agreement" and included an alert in their billing statements), *and Guerro v. Equifax Credit Info. Services, Inc.*, No. CV 11-6555 PSG (PLAx), 2012 WL 7683512, at *2-*8 (C.D. Cal. Feb. 24, 2012) (defendant sent several notices to the plaintiff that expressly stated that it was amending the governing agreement to include arbitration provisions).

As Mr. Clookey argued in his response, the Terms and Conditions (i.e., the parties' original agreement) only provided that the Card Agreement would elaborate on two limited circumstances: calculating Mr. Clookey's balance and providing more information on his billing rights to dispute transactions. Mr. Clookey had no reason to believe that the Card Agreement was going to contain anything other than what was referenced in the parties'

original contract, let alone deprive him of the right to go to court over a matter that had not yet occurred.

Additionally, the Terms and Conditions did not contain a change-in-terms clause that would put Mr. Clookey on notice that the subsequent Card Agreement could change material terms to the Terms and Conditions that would substantially affect his rights. *See Schnabel*, 697 F.3d at 126 ("'Unilateral modification terms'—so called because the offeror retains the power to add terms to the agreement while the offeree has no power to do the same—are not necessarily effective . . . . But the inclusion of such terms at least helps to bolster the offeror's argument that the offeree is on inquiry notice of later arriving terms, particularly where the modification (or amendment) is itself submitted in such a manner that a reasonable offeree would be likely to see it." (internal citations omitted)). However, even if the Terms and Conditions had included a change-in-terms provisions, adding an arbitration clause has been held to go beyond the foreseeable scope of such provisions. *Stone v. Golden Wexler & Sarnese, P.C.*, 341 F. Supp. 2d 189, 192 (E.D.N.Y. 2004).

As the original agreement did not properly incorporate the terms of the Card Agreement, and the Welcome Letter did not give Mr. Clookey sufficient notice that Citibank was proposing a modification to the parties' original agreement, there is insufficient evidence that Mr. Clookey assented to arbitrate his claims. The Court should reconsider its opinion.

## V. Conclusion

The Court erred by finding that whether the Card Agreement is an original agreement or a modification to the Terms and Conditions was legally insignificant. A

11

modification requires a heightened evidentiary showing of assent to arbitrate than does an original contract being formed by the mailing of a credit card and card agreement. Citibank failed to provide any notice that the Card Agreement was somehow materially different than what Mr. Clookey had agreed to online. Accordingly, the Court erred, and the Court should reconsider its order.

    /s/ Russell S. Thompson, IV
Russell S. Thompson, IV
Thompson Consumer Law Group, PLLC
5235 E. Southern Ave., D106-618
Mesa, AZ 85206
602-388-8898
866-317-2674 facsimile
rthompson@consumerlawinfo.com

*Attorney for Plaintiff Jay Clookey*

**CERTIFICATE OF SERVICE**

      I certify that on December 23, 2015, the foregoing was filed with the Court using CM/ECF, which will send notification of such filing to all counsel of record.

                                           /s/ Russell S. Thompson, IV
                                           Russell S. Thompson, IV