**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**
_____

**JAY CLOOKEY,**

                      **Plaintiff,**

                      v.

**CITIBANK, N.A.,**

                      **Defendant.**
_____

                      **8:14-cv-1318
                      (GLS/DJS)**

## SUMMARY ORDER

Plaintiff Jay Clookey commenced this action against defendant Citibank, N.A. alleging violations of the Fair Credit Reporting Act (FCRA).[1] (Compl., Dkt. No. 1.) By Memorandum-Decision and Order, this court granted Citibank's motion to compel arbitration and to stay the action. (Dkt. No. 25.) Pending is Clookey's motion for reconsideration. (Dkt. No. 26.) For the reasons that follow, the motion is denied.

Motions for reconsideration proceed in the Northern District of New York under Local Rule 7.1(g).[2] "In order to prevail on a motion for

---

[1] *See* 15 U.S.C. §§ 1681-1681x.

[2] Northern District of New York Local Rule 7.1(g) provides:

Unless Fed. R. Civ. P. 60 otherwise governs, a party may file and serve a motion for reconsideration or reargument no later than **FOURTEEN DAYS** after the entry of the challenged judgment, order, or decree. All motions for reconsideration shall conform with the requirements set forth in L.R. 7.1(a)(1) and (2). The briefing

reconsideration, the movant must satisfy stringent requirements." *In re C-TC 9th Ave. P'ship v. Norton Co.*, 182 B.R. 1, 2 (N.D.N.Y. 1995). Such motions "will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995); *see Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012). The prevailing rule "recognizes only three possible grounds upon which motions for reconsideration may be granted; they are (1) an intervening change in controlling law, (2) the availability of new evidence not previously available, or (3) the need to correct a clear error of law or prevent manifest injustice." *In re C-TC 9th Ave. P'ship*, 182 B.R. at 3 (citation omitted); *see Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Tr.*, 729 F.3d 99, 104 (2d Cir. 2013). "[A] motion to reconsider should not be granted where the moving party seeks solely to re[-]litigate

---

schedule and return date applicable to motions for reconsideration shall conform to L.R. 7.1(b)(2). A motion for reconsideration of a Magistrate Judge's determination of a non-dispositive matter shall toll the fourteen (14) day time period to file objections pursuant to L.R. 72.1(b). The Court will decide motions for reconsideration or reargument on submission of the papers, without oral argument, unless the Court directs otherwise.

an issue already decided." *Shrader*, 70 F.3d at 257.

Clookey's motion papers fail to invoke any of the three grounds upon which a reconsideration motion may be properly based. (Dkt. No. 26.) Clookey argues that: (1) the court overlooked the legal significance of the Card Agreement, which, according to Clookey, modified the parties original agreement, and (2) he received insufficient notice that the Card Agreement modified the original terms and conditions of his Citi Simplicity Visa credit card. (Dkt. No. 26, Attach. 1 at 5-11.) These arguments merely seek to re-litigate the same issues already decided by this court. (Dkt. No. 25.) Clookey fails to point to any change in controlling law, new evidence, clear error, or manifest injustice that would compel the court to reconsider its decision. Consequently, Clookey's motion for reconsideration is denied.

Accordingly, it is hereby

**ORDERED** that Clookey's motion for reconsideration (Dkt. No. 26) is **DENIED**; and it is further

**ORDERED** that the Clerk provide a copy of this Summary Order to the parties.

**IT IS SO ORDERED.**

June 16, 2016
Albany, New York

*Gary L. Sharpe*
Gary L. Sharpe
U.S. District Judge